**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 19-16 |
| v. | * | SECTION: "T" |
| ROBERT FORTENBERRY | * | |
| | * | |
| * * * | | |

**ORDER AND REASONS**

The Court has before it Defendant Robert Fortenberry's Motion to Reduce Sentence pursuant to the First Step Act of 2018. R. Doc. 75. Fortenberry asserts that his sentence was stacked with multiple counts of the same statute and that the First Step Act calls for mitigating such stacked sentences. *Id.* at 2. However, the First Step Act allows a court to consider the merits of a defendant's motion for modification of a term of imprisonment only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion [for sentence reduction] on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). The defendant has the burden of showing that he has exhausted all administrative remedies. *United States v. Metz*, 2020 WL 2838593, at *2 (E.D. La. June 1, 2020). Here, Fortenberry has made no such showing in his motion. Accordingly;

**IT IS ORDERED** that Fortenberry's Motion to Reduce Sentence, R. Doc. 75, is **DENIED** without prejudice to Fortenberry's right to reurge his motion after having exhausted all administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A).

New Orleans, Louisiana, this 25th day of September, 2023.

_____
United States District Judge